## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT COURT OF KANSAS

**DALE E. SADER,**

                **Plaintiff,**

    **v.**

                                     **Case No. 2:06-cv-02398-CM-DJW**

**CAPITOL FEDERAL SAVINGS
BANK,**

                **Defendant.**

## STIPULATED PROTECTIVE ORDER

The parties have moved for entry of a protective order (doc. 15) whereby Defendant Capitol Federal Savings Bank ("Capitol Federal) and Plaintiff Dale E. Sader (hereinafter "Plaintiff") agree their counsel will be provided access to certain documents throughout the litigation of this matter that are confidential. Counsel for Capitol Federal and Plaintiff each agree to hold such document(s) and information in confidence, using such information and document(s) only in connection with the prosecution of this pending litigation. The information and documents consist of the following types of confidential proprietary business information:

1.     Personal and highly confidential information about past or present employees of Capitol Federal, including the following:

        a.   Personnel, payroll, benefits and other similar files;

        b.   Personal information such as social security number, telephone number and residential address; and

        c.   Confidential communications with Capitol Federal.

2.     Information regarding Capitol Federal's employment practices, including documents and summaries regarding Capitol Federal's employment policies and procedures;

3.     Non-public management and organizational structure information regarding Capitol Federal;

4.     Information regarding Capitol Federal's internal investigations;

KC-1458144-1

and

5.      Non-public documents containing Capitol Federal's financial information.

Similarly, Plaintiff agrees that counsel for Capitol Federal will be given access to certain confidential information as well as employment information, and counsel for Capitol Federal is to hold such documents and information in confidence, using such information and documents only in connection with the prosecution of this pending litigation.  These documents consist of the following:

1.      Documents containing Plaintiff's financial information;

2.      Documents regarding Plaintiff's medical history, medical treatment, and/or other medical information; and

3.      Documents pertaining to Plaintiff's prior employment as well as prospective employment with any individual and/or organization.

Federal Rule of Civil Procedure 26(c) provides for the issuance of a protective order limiting the disclosure and use of information in documents for good cause.  Good cause exists for the issuance of a Protective Order here because limiting the disclosure and use of information would protect the confidential nature of Capitol Federal's proprietary business information and confidential information regarding Plaintiff's financial information, medical history, medical treatment and/or other medical information, and Plaintiff's prior and prospective employment information.

Hence, the Court finds that if Plaintiff and/or Capitol Federal are given the above-described information and/or documentation, their ability to prosecute this action would not be unreasonably limited by entry of this Protective Order.

**IT IS HEREBY ORDERED THAT:**

1.      The Court finds that the release of this information and/or documentation to parties outside this litigation could result in wrongful disclosure of Capitol Federal's confidential/proprietary business information.  Capitol Federal has a reasonable expectation of confidentiality with regard to its confidential/proprietary business information.  Plaintiff has a reasonable expectation of confidentiality with regard to his employment, financial, and medical

information.

2.      Confidential treatment as provided below may be claimed by Capitol Federal and/or Plaintiff for documents and information and any portion or summary thereof produced by the parties and falling into the categories listed above during pretrial discovery in this lawsuit.

In claiming a document or information is confidential, the party shall mark "CONFIDENTIAL" on the face of any document the party believes should be treated as confidential pursuant to this Order.  If the party designates any document as confidential which the opposing party believes should not be treated as confidential, the party shall so notify the other party in writing.  Within ten (10) days of service of such notification, the party claiming confidential treatment shall file a motion seeking the Court's ruling as to the status of the document at issue or else the classification of confidentiality for said documents shall be deemed automatically withdrawn.  The document at issue shall be treated as confidential until the end of the tenth (10th) day after service of notification or, if a motion is filed, until otherwise ordered by the Court.

3.      In the event that a party's counsel should desire to copy all or any portion of any document being produced in response to a request for production, which has been designated by the other party as confidential, and marked "CONFIDENTIAL" on the face of the document, then said document shall be disclosed only to the party and his counsel of record and counsel's clerical personnel; provided that any confidential documents may also be disclosed to other persons whose assistance is, in counsel's sole and exclusive opinion, necessary in conducting this litigation, upon the promise, prior to such disclosure to such other person, that they agree to be bound by the terms of this Protective Order.  The party making such disclosure shall also provide a copy of this Order to the other person or persons to whom confidential information is disclosed.  The party shall not otherwise offer or permit disclosure of any confidential document, its contents, or any portion or summary thereof, except in accordance with paragraphs (4) and (5) herein.

4.      The parties and the parties' counsel of record and their clerical personnel, and any person who has agreed to be bound by the terms of this protective Order (as set forth in paragraph 3), shall use confidential documents and information only for the sole purpose of pursuing this

litigation and shall not disclose such confidential documents, their contents, or any portion or summary thereof to any person or persons not involved in the conduct of the litigation.

5.     Counsel shall not unnecessarily disclose information contained in confidential documents on the public record of this proceeding or in written arguments or memoranda submitted to the Court.  Counsel shall have the right to use any information contained in confidential documents, and/or any confidential documents, to support or oppose dispositive motions and during the actual trial of this cause of action, as said counsel deems necessary.  By agreeing to the terms herein, however, the parties do not waive any right to object at trial to the admissibility of any document or portion thereof, or the right to file a motion in limine regarding the use at trial of any document or portion thereof.

6.     Within ninety (90) days of final adjudication, including but not limited to final adjudication of any appeals or petitions for extraordinary writs, all copies of confidential documents in the actual or constructive custody of a party shall be returned to the producing party and counsel shall certify that all such documents and copies have been so returned.  If counsel had amended any copies of confidential documents from the other party, so that those documents contain work product of counsel, counsel shall certify within ninety (90) days of final adjudication that all such copies containing work product have been destroyed.

IT IS THEREFORE ORDERED that the parties' Joint Motion for Entry of Protective Order (doc. 15) is granted as set forth herein.

Dated this 2nd day of March 2007.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

Prepared by:

*s/ Christi J. Hilker*
Christi J. Hilker
BLACKWELL SANDERS PEPER MARTIN LLP
4801 Main Street, Suite 1000
Kansas City, Missouri  64112
Telephone:  (816) 983-8000
Facsimile:  (816) 983-8080
e-mail:  chilker@blackwellsanders.com
ATTORNEY FOR CAPITOL FEDERAL SAVINGS BANK